**ZIEGELMEYER v. JOYCE et al.**

No. 3418.

Court of Civil Appeals of Texas. El Paso.

Oct. 1, 1936.

Rehearing Denied Oct. 22, 1936.

Alvin H. Lane, of Dallas, for appellant.

Prendergast & Stiglich, of Galveston, for appellees.

WALTHALL, Justice.

This case presents an appeal from an order of the district court of Dallas county sustaining pleas of privilege.

Appellant, a resident of Dallas county, Tex., hereinafter referred to as plaintiff, brought this suit against appellee A. L. Joyce and seven others, all residents of Galveston county, and referred to herein as defendants. Plaintiff joined in his suit as defendant John S. Oldenburg, a resident of Dallas county, who is not one of appellees and is not referred to as one of defendants.

Plaintiff alleged, in substance, that he and defendants, in 1930, entered into a joint venture under a declaration of trust agreement, and which agreement plaintiff alleges constitutes, as between plaintiff and defendants, a partnership agreement, a copy of which agreement is attached to the petition and made a part thereof and marked Exhibit A. Plaintiff alleges that his original interest in the partnership or trust agreement estate was an undivided one-tenth interest as evidenced by his certificate No. 101932, issued by Brazoria Land Syndicate; that the partnership was created and exists under said trust agreement; that under the terms of the trust agreement all parties agreed that they would, from time to time, contribute money individually to the trust estate to be used in the undertaking provided for, and that plaintiff did contribute money thereto, stating the amount; that the trust association or partnership acquired certain property in Brazoria county in which each of the original parties had an undivided interest and that plaintiff still retains his interest; that he demanded an accounting from his copartners, which demand was refused him by defendant Joyce acting for defendants; that at the time of filing this suit all of the defendants were acting jointly and were asserting and claiming that plaintiff's interest in the partnership property had been forfeited or surrendered to them under the provisions of the trust agreement. Plaintiff alleges that the partnership capital amounts to several thousand dollars and that his proportionate interest therein is not less than $500; that the syndicate has sold a substantial portion of the partnership assets including in said sale an oil and gas lease. Plaintiff offers to do equity. Plaintiff sues for an accounting, and that he recover from each of the defendants all sums of money that may have been paid to any of them which should have been proportionately paid to him; that the partnership be dissolved and the assets be distributed according to their several interests.

All defendants who live in Galveston county filed pleas of privilege to be sued in the county of their residence. The answer of the defendant residing in Dallas county does not appear in the transcript.

Plaintiff controverted the plea of the Galveston defendants setting out the allegations of his petition and claiming that under the provisions of article 1995, subd. 4, he was entitled to maintain venue of his suit in Dallas county, the cause of action being a joint cause against all of defendants, and that one of defendants lived in Dallas county.

Hearing was had upon the pleas of privilege and controverting affidavit. The trial court sustained the pleas of privilege of the Galveston defendants and ordered that the case be transferred to Galveston county. Plaintiff perfects this appeal.

Opinion.

Plaintiff (appellant here) in his first proposition sufficiently states his contention as to the venue of his suit. It is to the effect that, where several defendants, residents of Galveston county, are sued in Dallas county jointly with another defendant, who resides in Dallas county, the venue of the suit is properly laid in Dallas county, if the petition states a joint cause of action.

Plaintiff's petition, as briefly outlined above, shows the nature of his cause of action. It shows that plaintiff and defendants entered into a venture under a declaration of trust agreement and that

plaintiff's interest under said trust agreement was an undivided interest evidenced by a certificate issued to plaintiff by Brazoria Land Syndicate. Plaintiff's petition refers to the declaration of trust agreement and makes it a part of his petition and cause of action. We quote excerpts from the declaration of trust agreement as follows:

"Know all men by these presents, that we, A. L. Joyce, Ross J. Keller, A. L. Ziegelmeyer, grantees in a certain deed from A. L. Joyce, A. L. Ziegelmeyer, J. E. Brasac, Jose Faus, W. C. Schutte, Ross J. Keller, N. Estrada, Jno. S. Oldenburg, B. F. Hill and J. E. Ziegelmeyer, of even date herewith which deed appears on record * * * and conveys to us a total of three hundred and fifty (350) acres of land, * * * do declare and agree that we will, and additional trustees and successors appointed as hereinafter stated shall hold the legal title to said property and all other real or personal property, funds, rights, or other property of whatsoever nature at any time, transferred to or received by the trustees provided for herein, in pursuance of their duties or to be held by them, hereunder, for the purposes with the powers and subject to the provisions hereof, for the benefit of the cestui que trustent who shall be trust beneficiaries only, and shall be without partnership, agent, associate or any other relation whatever as to or among each other and upon the trusts following, viz:

"2. In trust, * * * to manage and control all of the same, absolutely and solely * * * the trustees * * * all and as full discretionary powers and authority as they would have if they were the sole and absolute beneficial owners thereof in fee simple."

"5. By the terms 'shares'; 'beneficial interests' or 'interest,' or the plural of any * * * that is, a cestui que trust may have hereunder as herein defined; and such beneficial interest shall be evidenced by certificates of shares alone * * * The holder of any such certificate shall have no interest, legal or equitable, in any specific property; he shall not be, or be considered as a principal or agent in any sense of, or toward the trustees or any of them."

"13. The trustees shall at all times at their office keep full and proper books of accounts and records of their proceedings and doings and shall, at least annually, state account of the trust and keep same, at their office (which shall be in Galveston, Texas), open to the inspection of any certificate holder.

"14. The certificate holder shall not be personally liable for the debts or obligations of nor for anything done or omitted by the trustees and the trustees shall not have power to bind or make liable the certificate holders personally, upon or for any such debts, obligations, acts or omissions; but the trustees shall at all times have full power to make the trust property answerable for the trustees' debts, obligations, acts and omissions whether personally or through agency, done or entered into in execution of the powers or duties herein vested in them or incumbent upon them."

"17. This declaration of trust expresses the whole and entire rights and remedies of all creditors; and every person acquiring or accepting a share or certificate hereunder thereby asserts to this as declaring the whole and entire powers, duties and trusts on the part of any person acting as trustee hereunder."

"27. The terms and provisions of this trust may be modified or amended at any time or times by the then trustees * * * but only after, receiving the approval thereof or the advice, instruction or direction thereunder, by a court with equity powers having jurisdiction, in the district where such land is located."

"29. Brazoria Land Syndicate consists of and means the 'trustees' hereunder, and the term 'trustee' in this instrument shall be deemed to include whatever persons are at a particular time trustees hereunder, whether original, additional, or successor trustees, or part one or part the other.

"30. The trustees shall act in the name 'Brazoria Land Syndicate' if signed or used by any person authorized thereunto by the trustees or this instrument."

It will be noted that the trust agreement provides, in part, that the properties of the syndicate are held in trust by the trustees there provided for, the purposes with the powers and subject to the provisions conferred by the trust instrument "who shall be without partnership, agent, associate or any other relation whatever as to or among each other and upon the trusts following"; then follow other specifications not necessary to state here.

Plaintiff introduced in evidence the trust agreement.

Plaintiff in his brief cites Thompson v. Schmitt et al., 115 Tex. 53, 274 S.W. 554, by our Supreme Court, in support of his contention that the trust syndicate is a partnership, and that he and defendants are copartners thereof, and bases his right to sue in Dallas county by reason of the fact that plaintiff and one of the defendants (not one of appellees) reside in Dallas county and that the trust agreement creates a partnership.

We do not concur in plaintiff's contention that the Thompson v. Schmitt Case so holds. That case does not concern a suit between copartners in a trust agreement, but pertains to a third. party who was a creditor to the trust syndicate, and who was not a member of the trust syndicate, and the opinion dealt with the creditor only a third party, and held that in such case a business trust will be considered a partnership where dealing with a third party.

In Sergeant v. Goldsmith Dry Goods Co., 110 Tex. 482, 490, 221 S.W. 259, 260, 10 A.L.R. 742, where the purpose of the association was merely for their mutual protection against fire losses by a scheme of mutual insurance, and their limited liability for such losses was expressly made several and not joint, in a suit by a creditor and not a member of the association, our Supreme Court said, in answering a certified question, "Did the written instruments referred to, in the light of the facts stated, create among defendants a partnership in fact?" as to third persons they are liable as other principals are liable who deal with third persons through any form of agency; as between themselves they are liable as their contracts with each other make them liable; that is, the whole of the case on the question presented; in the language of an eminent author, it is a mere misuse of words to call such an association a partnership. The court further said, as to third persons dealing with the association and to whom it created lawful debts contracted within the powers of its agency, the members of the association are jointly and severally liable for debts incurred in carrying out the purposes for which they were associated.

To the same effect is Hardee v. Adams Oil Ass'n et al. (Tex.Civ.App.) 254 S.W. 602, and cases there referred to.

A stipulation in the declaration of trust of the trust agreement provides that the trustees shall at their office keep proper books of account and their proceedings at their office in Galveston, Tex., open to inspection of certificate holders. Such stipulation seems to be sufficient to fix the venue of suits between stockholders themselves. Texas Moline Plow Co. v. Biggerstaff (Tex.Civ.App.) 185 S.W. 341, and cases there cited.

We have concluded that the stockholders under the trust agreement are not a partnership among themselves, and would be considered such only as to a third party, and that the venue of the suit would not be under subdivision 4 of article 1995, but would be under subdivision 5 of said article.

The case is affirmed.