J. E. ZIEGELMEYER V. HON. JOSEPH M. NEALON, CHIEF JUSTICE, ET AL.

No. 7214. Decided March 15, 1939.
Rehearing overruled April 12, 1939.
(125 S. W., 2d Series, 1038.)

*Alvin H. Lane,* of Dallas, for appellant.

*Geo. P. Prendergast* and *William Stiglich,* both of Galveston, for appellee.

MR. JUDGE HICKMAN of the Commission of Appeals, delivered the opinion for the Court.

This is an original proceeding in this Court in which the relator seeks a writ of mandamus to compel the Justices of the

Court of Civil Appeals at El Paso to certify to this Court certain questions of law alleged to have been erroneously decided by that court in the case of Ziegelmeyer v. Joyce et al., 97 S. W. (2d) 346.

It is made to appear that relator, J. E. Ziegelmeyer, and some nine other persons conveyed 350 acres of land to A. L. Joyce, Ross J. Keller and A. L. Ziegelmeyer, as trustees; that said trustees executed a trust agreement and to each of the vendors in the deed to the trustees there was issued a certificate evidencing his interest in the venture, one such certificate being issued to relator, J. E. Ziegelmeyer, and one to John S. Oldenburg, also one of the vendors in said deed. Oldenburg is a resident of Dallas county. Relator filed suit in Dallas county against all of the owners of certificates in the trust, including the trustees, praying that the trustees render an accounting; that he recover from each and all of the defendants all sums of money that may have been paid to any of them which should have been paid to him in proportion to his interest; that said partnership be dissolved because of the wrongful acts of the defendants; and that all of its assets be distributed among the partners in proportion to their respective interests therein. All of the defendants in the suit except Oldenburg filed their pleas of privilege in statutory form to be sued in Galveston county, the county of their residence. Relator filed his controverting plea seeking to maintain venue in Dallas county under Exception 4 of Article 1995, R. C. S., which exception provides, in effect, that, if defendants reside in different counties, suit may be maintained in the county of the residence of any one of them. No other exceptional provision was relied upon. The trial court sustained the plea of privilege and ordered the cause transferred to Galveston county. Relator appealed from that order to the Court of Civil Appeals at Dallas. The cause was transferred to the Court of Civil Appeals at El Paso, which court affirmed the judgment of the trial court. The opinion of the Court of Civil Appeals, reported in 97 S. W. (2d) 346, makes a more detailed statement of the case.

It is claimed by relator that the decision of the Court of Civil Appeals, in so far as it holds that Exception 5 of Article 1995 governs the venue in the cause, is in conflict with other cases cited in the petition. We do not find it necessary to consider that question. Exception 5 provides, in substance, that, if a person has contracted in writing to perform an obligation in a particular county, suit may be brought upon such contract in that county. The opinion of the Court of Civil

Appeals does state that the venue of the suit would be in Galveston county under Exception 5, but that statement in the opinion may be disregarded as surplusage. Exception 5 was not involved in any manner. Relator sought to hold venue in Dallas county under Exception 4, and the only question necessary for decision by the Court of Civil Appeals was whether he was entitled to maintain his suit in that county under that exception. The controverting plea did not mention Exception 5 for the obvious reason that it afforded no ground for maintaining venue in Dallas county. Relator's petition here seems to be based upon the theory that the question for decision before the Court of Civil Appeals was whether venue could have been sustained in Galveston county under Exception 5. Probably the reference in that court's opinion to that exception accounts for his adoption of that theory. But that is not the question at all. The venue of the case was transferred to Galveston county, not because of some special exception, but because the defendants who filed their pleas of privilege resided in that county. The only question with which the Court of Civil Appeals had to deal was whether relator pleaded and proved such facts as would entitle him to maintain his suit in Dallas county under Exception 4. Whatever the court may have held on collateral matters is not material in this proceeding.

■ It is a well settled rule that this Court has no jurisdiction to issue a writ of mandamus to compel a Court of Civil Appeals to certify a question arising in a case, like the present one, in which the jurisdiction of that court is made final by statute except where there is a well defined conflict between the decision of that court and a prior decision of this Court or some other Court of Civil Appeals. We are not authorized to grant the writ because of apparent inconsistencies in the principles announced. Particularly are we not authorized to issue same when the conflict is with reference to a collateral matter not necessary to the opinion. Garitty v. Rainey, 112 Texas 369, 247 S. W. 825; Sun Mutual Insurance Co. v. Roberts, etc., Co., 90 Texas 78, 37 S. W. 311; Layton v. Hightower, 118 Texas 166, 12 S. W. (2d) 110; Jarecki Mfg. Co. v. Hinds (Tex. Com. App.) 6 S. W. (2d) 343; Jones v. Hickman, 121 Texas 405, 48 S. W. (2d) 982; Harris v. Willson, 122 Texas 323, 59 S. W. (2d) 106; Mooers v. Hunter (Tex. Com. App.) 67 S. W. (2d) 860; Garcia v. American National Ins. Co., 124 Texas 466, 78 S. W. (2d) 170; City National Bank in Childress v. Phillips Petroleum Co., 124 Texas 456, 78 S. W. (2d) 576.

It is claimed that the decision of the Court of Civil Appeals is directly in conflict with the decision of this court in the case of International Travellers Association v. Branum, 109

Texas 543, 212 S. W. 630. In the latter case it was held that venue is fixed by law and any contract whereby it is agreed to change the law with reference thereto is void. That is still the rule of decision in this court, but there is no holding of the Court of Civil Appeals necessary to a decision of the case which in any wise conflicts therewith. It would appear that the reference in the opinion to a certain provision in the trust agreement with regard to keeping the books open for inspection in Galveston county was not made as a predicate for the later pronouncement that venue was governed by Exception 5, a pronouncement, as above noted, not necessary to a decision of the real question before the court.

As we construe the opinion of the Court of Civil Appeals it holds that relator's suit was based upon the theory of a partnership relation existing between him and his associates; that while that relationship might exist as between the members of the syndicate and third persons, still as between the members themselves, their rights were governed by contract; and that the only liability asserted against the resident defendant was a partnership liability, which did not exist. We construe the opinion as following the well recognized rule in this State announced in many cases, of which Richardson v. Cage, 113 Texas 152, 252 S. W. 747, is most frequently cited, that in order to maintain venue under Exception 4 a plaintiff must allege and prove a cause of action against the resident defendant. The only material holding made was that relator failed to establish his right to maintain venue in Dallas county under Exception 4. In making that holding the court evidently held that he did not allege and prove a cause of action against the resident defendant which could properly be joined with the cause of action alleged against the non-resident defendants. We are not called upon in this proceeding to determine whether that holding is correct, but we do hold that it in no wise conflicts with the holding in any other case cited by relator, and the petition for mandamus is accordingly denied.

Opinion adopted by the Supreme Court March 15, 1939.

Rehearing overruled April 12, 1939.