## WHITE v. GAMBLIN et al.
### No. 2601.

Court of Civil Appeals of Texas. Eastland.
July 11, 1947.

L. H. Welch, of Breckenridge, for appellant.

Dabney & Dabney, of Eastland, for appellees.

GRISSOM, Chief Justice.

Vin M. Gamblin and C. D. Wood sued A. M. Swindle, a resident of Eastland County, Grady Pruitt, a resident of Callahan County, and Claude A. White, a resident of Stephens County, in the County Court of Eastland County, for possession of some oil well casings, or in the alternative, to recover damages for their conversion. By pleadings and evidence, plaintiffs contended they were the owners of an oil and gas lease in Callahan County and the

casings in an oil well on said lease; that Gamblin had charge thereof for himself and Wood; that Gamblin employed Swindle, a resident of Eastland County, to pull the casings and deliver them to Gamblin in Eastland County; that Swindle pulled the casings and, instead of delivering them to Gamblin in Eastland County, carried them to Stephens County and sold them to the defendant Claude A. White, a resident of Stephens County. Plaintiffs further alleged and Gamblin testified to the effect that they demanded possession of their casings, which demand was refused by defendants. White filed a plea of privilege to be sued in Stephens County. Upon a hearing the plea of privilege was overruled and White has appealed.

Plaintiffs' suit is primarily for possession of the casings, and, in the alternative, for judgment against defendants for conversion thereof.

When White filed his plea of privilege, he thereby became entitled to have the cause transferred to Stephens County unless plaintiffs alleged and proved the venue facts entitling them to maintain the suit in Eastland County under some exception to art. 1995. In order to maintain the suit in Eastland County under exception 4, plaintiffs were required to allege and prove a cause of action against defendant Swindle and that he resided in Eastland County; plaintiffs were further required to allege "a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits." Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302. Plaintiffs alleged and proved that Swindle resided in Eastland County; they further alleged and proved facts which would justify a finding against him in favor of plaintiffs for either possession or conversion of the casings. To support a judgment overruling the plea of privilege, plaintiffs were not required to prove a cause of action against the nonresident defendant White. Under the pleadings and evidence the court was authorized to find all of the venue facts requisite to maintain the case in Eastland County under exception 4, art. 1995. The pleadings were sufficient to come with the rule quoted above. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Cobb v. Barber, 92 Tex. 309, 47 S.W. 963; Ziegelmeyer v. Nealon, 133 Tex. 73, 76, 125 S.W. 2d 1038; Moreland v. Leslie 140 Tex. 170, 174, 166 S.W.2d 902.

We agree with appellant that the judgment cannot be sustained under exception 29a, art. 1995. 29a is never considered alone but only in conjunction with some other exception. 29a applied only to cases where no defendant resides in the county where the suit is brought. Rudco Oil & Gas Co. v. Ogden, Tex.Civ.App., 167 S.W. 2d 586.

Appellant contends the judgment is erroneous because it was not proved that Wood, who owned the casings jointly with Gamblin, did not give his consent for Swindle to sell the casings to White and, therefore, appellees failed to prove a cause of action against the resident defendant Swindle. Gamblin testified that he and Wood owned the property jointly but that he had charge of the property; that he employed Swindle to remove the casings from the well and deliver them to Gamblin in Eastland County. There was no evidence tending to show the falsity of such testimony or to indicate that Wood gave his consent to such action by the defendants. The testimony was sufficient to raise an issue of fact as to the lack of consent by both owners.

Appellant's point seven is to the effect that the court committed reversible error in overruling appellant's objection to the testimony of Gamblin relative to his conversation with Swindle in the absence of appellant, over appellant's objection that it was hearsay. Gamblin testified that in said conversation Swindle admitted that he pulled the casings and sold them to White. Such testimony was admissible against Swindle and, in order to maintain the suit

in Eastland County, plaintiffs were required to both allege and prove a cause of action against the resident defendant Swindle. Such testimony could not have been harmful to appellant for the reason that it was wholly immaterial whether plaintiffs did or did not prove a cause of action against White.

What has been said substantially disposes of most of appellant's points. All of them have been carefully considered. We are of the opinion that reversible error is not shown.

The judgment is affirmed.