**BAYOU PROPERTIES COMPANY, Appellant,**

v.

**Ira H. GOBBLE et al., Appellees.**

No. 3861.

Court of Civil Appeals of Texas.

Waco.

May 18, 1961.

H. Fletcher Brown, Houston, for appellant.

Al L. Crystal, Houston, for appellee.

McDONALD, Chief Justice.

This is a venue case. Parties will be referred to as in the trial court. Plaintiff,

Bayou Properties, brought this suit in Harris County against defendants, Gobble et al., for rents due under a rental contract. Such contract provided that rents were to be paid in Houston, Texas, and then further provided:

"but venue for any legal action arising from this contract, shall be and remain in Nueces County, Texas."

Defendants filed a plea of privilege to transfer such cause to Nueces County because of the contractual provision set forth, supra. Plaintiff filed controverting affidavit, setting forth that the contract called for the rents to be paid in Harris County, and alleged venue in Harris County under subdivision 5, Article 1995, Vernon's Ann. Civ.St.

Trial was before the court without a jury, which after hearing, sustained the defendants' plea of privilege and ordered the cause transferred to Nueces County.

Plaintiff appeals, contending the Trial Court erred in sustaining defendants' plea of privilege because of the contractual provision "that any legal action arising out of the contract shall remain and be in Nueces County"; and asserts that such contractual provision is ineffective as a matter of law to fix venue.

It is not questioned that the provision to pay rent in Houston, Texas, would, unless controlled by the provision undertaking to fix venue in Nueces County, make Harris County a proper place for suit under Section 5, Article 1995 Vernon's Ann.Civ.St.

The controlling question for determination, therefore, is whether such contractual provision to fix venue is given effect by our courts.

43B Tex.Jur., p. 116, states the rule thusly:

"In Texas the law provides exclusive regulations in respect of the venue of actions, and to allow an agreement to change the law would * * * be contrary to public policy."

Our Supreme Court in International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630, 632, holds:

" * * * it is utterly against public policy to permit bargaining in this state about depriving courts of jurisdiction, expressly conferred by statute, over particular causes of action and defenses. * * * It follows that the stipulation for exclusive venue in Dallas County will not be enforced, and that the court did not err in overruling the plea asserting the privilege to be sued in that county alone."

In Ziegelmeyer v. Pelphrey, 133 Tex. 73, 125 S.W.2d 1038, 1040, our Supreme Court reaffirms the rule of the Branum case:

"In the (Branum) case it was held that venue is fixed by law and any contract whereby it is agreed to change the law with reference thereto is void. That is still the rule of decision in this court, * * *".

To the same effect are: Bexar County Mut. Ins. Co. v. Ward, Tex.Civ.App., 245 S.W.2d 325 (no writ hist.); Atkins v. Wheeler, Tex.Civ.App., 307 S.W.2d 294, W/E dismd.; and cases collated in 43B Tex.Jur., Note 14, p. 117.

Defendants contend that Allis-Chalmers v. Mitchell, Tex.Civ.App., 283 S.W. 560, affirmed Tex.Com.App., 291 S.W. 1099; Merchants Reciprocal Underwriters of Dallas v. First Nat. Bank, Tex.Civ.App., 192 S.W. 1098 (no writ hist.); Rowley v. Braly, Tex.Civ.App., 286 S.W. 241, W/E dismd.; and Texas Moline Plow Co. v. Biggerstaff, Tex.Civ.App., 185 S.W. 341 (no writ hist.), are contrary to the rules announced, and should control here. To the extent that such cases are contrary to the rule announced in the Branum, Pelphrey and other cases cited supra, such cases do not represent the law.

The contractual provision to fix venue cannot be given effect by our courts in the instant case.

The judgment of the Trial Court is reversed and set aside, and judgment here rendered overruling defendants' plea of privilege. Reversed and rendered.