Kenneth L. TILLEY et ux., Appellants,

v.

The CAPITAL NATIONAL BANK IN AUSTIN, Appellee.

No. 11071.

Court of Civil Appeals of Texas.

Austin.

April 17, 1963.

Rehearing Denied May 8, 1963.

Howard M. Wayland, Houston, for appellants.

Clark, Thomas, Harris, Denius & Winters, Conrad P. Werkenthin, Austin, for appellee.

HUGHES, Justice.

This is a venue case in which the sole question presented is whether or not a written contract upon which the suit is based creates an obligation performable in Travis County, under Sub. 5, Art. 1995, Vernon's Ann.Civ.St.

Appellants, Kenneth L. Tilley and wife, Sylvia J. Tilley, residents of Harris County, executed the following contract:

### "CONTRACT OF SALE

"The undersigned Kenneth L. Tilley, hereinafter called Purchaser, purchases from Family Freeze, Inc., hereinafter called Seller, of the City of Houston, County of Harris, State of Texas, subject to the terms and conditions hereinafter set forth, the following described property, complete with standard attachments, accessories, and equipment, delivery and acceptance of which is hereby acknowledged by Purchaser, and hereinafter referred to as 'chattel', viz.:

| "Article | Model | Make | Serial No. | Other Description |
|----------|-------|------|------------|-------------------|
| "Freezer | FGD 220 | Family Freeze, Inc. | 2312465 | Upright |

"State Sales Tax 13.99

"For a purchase price of $699.50, payable as follows: $ 0 on or before delivery, leaving a deferred balance of $906.12, evidenced by my (our) note of even date, payable to Seller or order on demand, or if no demand is made, then in monthly installments as follows: The first installment is due and payable on the 5th day of April 1962, and one installment is due and payable on the 5th day of each month thereafter until this note is paid in full. This note is payable in Thirty six (36) monthly installments. I agree to pay Twenty five and 17/100 25.17 Dollars per month for the first Thirty six (36) installments, and 0 Dollars for the last installment.

"It is expressly provided that the title to the above-described property is retained by and in Seller until the full payment of the above obligation by Purchaser; and if Purchaser shall fail to pay such obligation in full when due, or breach this conditional sale contract, or should Seller or his assigns feel themselves or said chattel insecure, or if any execution or writ be levied on any of Purchaser's property, or a receiver thereof be appointed, or if a petition in bankruptcy be filed by or against Purchaser, the entire balance of said aforedescribed note, as therein set out, shall become due and payable at the election of the Seller or his assigns, and Seller or his assigns may, without notice or demand, by process of law or otherwise, take possession of said chattel, together with all attachments, with or without legal process, and wherever located, and sell the same and all of purchaser's equity of redemption therein at public or private sale, and apply the proceeds, after deducting all expenses, liens, and a reasonable attorney's fee paid or incurred by Seller or assigns, to the payment of said indebtedness; but in case such proceeds exceed the amount due upon such obligation and

expenses, returning any balance to Buyer. Or in case of a deficiency, the Purchaser herein agrees to pay same with interest.

"Purchaser further promises not to use or permit said chattel to be used for hire or any unlawful purpose, and will not attempt to sell, assign or dispose of said chattel of any interest therein, without first obtaining the written consent of the Seller, or his assigns.

"Purchaser further agrees to take good care of said chattel, keep same insured for the benefit of the Seller or his assigns, and to be responsible for its loss by fire, theft, or other casualty, and not remove same from address shown beneath his signature below unless Purchaser first obtains written consent of the Seller or his assigns.

"This Contract of Sale may be assigned and/or said note may be negotiated without notice to Purchaser, and when assigned and/or negotiated shall be free from any defense, counterclaim or cross-complaint by Purchaser. Any suit brought on this Contract of Sale shall be brought in Travis County, Texas.

"This Contract of Sale constitutes the entire agreement; no waiver or modification shall be valid unless endorsed hereon in writing.

"The Purchaser hereby expressly represents and covenants that he (she, or they) is (are) under no legal disabilities imposed by law from entering this contract of sale.

"I (WE) HAVE READ AND UNDERSTAND THE FOREGOING INSTRUMENT AND ACKNOWLEDGE THE RECEIPT OF A TRUE COPY OF THIS CONTRACT OF SALE.

"IN WITNESS WHEREOF, the Purchaser has hereunto set his (their) hand(s) this the 16th day of February, A.D. 1962, at Houston, Texas

"X   Kenneth L. Tilley
"Purchaser-Conditional Vendee

"WITNESS:

"X   Sylvia J. Tilley
Address

"Frances McNeal
"Salesman–Sign Here

"4102 Gramercy Street, Houston
"City and State                          "

"Hal Chapman

---

Appellee, the Capital National Bank in Austin, owner of the contract, sued to recover the amount due thereon and to foreclose the lien on the property therein described, alleged to be located in Harris County.

It will be noted that "Travis County" is referred to only once in the contract, and in this sentence, "Any suit brought on this Contract of Sale shall be brought in Travis County, Texas."

This provision of the contract is against public policy, and unenforceable. International Traveler's Association v. Branum, 109 Tex. 543, 212 S.W. 630, LaSalle County Water Improvement Dist. No. 1 v. Arlitt, 297 S.W. 344, Austin Civ.App., writ dism. Being against public policy, it is void. Ziegelmeyer v. Pelphrey, 133 Tex. 73, 125 S.W.2d 1038.

Additional cases which follow Branum are: Atkins v. Wheeler, 307 S.W.2d 294, Austin Civ.App., writ dism., Bexar County Mutual Ins. Co. v. Ward, 245 S.W.2d 325, Eastland Civ.App., Super-Cold Southwest Co. v. Green & Romans, 185 S.W.2d 749,

Fort Worth Civ.App., General Motors Acceptance Corp. v. Hunsaker, 50 S.W.2d 367, Amarillo Civ.App., writ dism.

In Smith v. Hartt & Cole, 13 S.W.2d 408, Eastland Civ.App., opinion by Hickman, C. J., it was stated, "Venue is fixed by law, and any contract whereby it is agreed to change the law with reference to venue, is void." citing Branum, supra.

Appellants' obligation to pay, being the obligation upon which suit is brought, is not, perforce the contract, performable in Travis County as required by Sub. 5, Art. 1995, in order to fix venue in such county. Hence, no exception is shown to exist authorizing this suit to be filed in a county other than in the County of the residence of appellants, and the Trial Court erred in not sustaining their plea of privilege.

The judgment of the Trial Court is reversed and remanded with instructions to transfer this cause to a court of proper jurisdiction in Harris County.

Reversed and remanded with instructions.