**Emmett LeFORS, Appellant,**

v.

**Wm. FINKNER, Appellee.**

**No. 447.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 4, 1969.

Rehearing Denied Dec. 31, 1969.

———◆———

Gordon & Gordon, F. G. Shackelford, Pampa, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, H. A. Berry, Amarillo, for appellee.

McKAY, Justice.

This is a plea of privilege case under Section 5 of Article 1995, V.A.T.S.[1] Appellant LeFors and appellee Finkner entered into a cattle sale contract in writing whereby LeFors was to sell and Finkner was to buy about 375 head of steers at $26 per hundred weight. The steers were on LeFors ranch in Scurry County. Finkner had a feed lot west of Petersburg, Texas, in Hale County, to which cattle were to be taken and there weighed.

Finkner brought suit for return of $3600 he alleged he paid LeFors as part of purchase price, and also for damages for breach of contract for failure to deliver to him the same cattle he contracted to buy.

LeFors' residence was in Pampa, Gray County, and he contends there is no ex-ception to venue in the county of his residence. Finkner claims the obligations of the contract sought to be enforced were performable in Hale County. After hearing, the trial court overruled the plea of privilege of LeFors (defendant there), and he appeals.

The provisions of the contract we are concerned with are as follows:

"Seller agrees to deliver above cattle to Ranch Pens f. o. b. * * * trucks * * *."

"Cattle are now on Emmett LeFors Ranch and are to remain on same from date of this contract until delivery is made."

"Purchaser agrees to buy, receive and pay for said cattle at the time and place, according to the terms and conditions of this contract. And further agrees to pay at the time of delivery the balance on said cattle * * *."

"Steers to be Del to Ranch Pens Then Buyer Receive Steers Furnish Trucks Haul to W-N Finkner Feed Lot 2 miles West Petersburg Texas and steers weighed straight without any shrink and pay all Trucking. Part Payment $10.00 per head Bal(ance) when steers are weighed at Finkner Feed Lot."

In his first point, appellant LeFors contends that the trial court erred in overruling his plea of privilege inasmuch as the obligation sued upon was not performable in Hale County.

From the appellee Finkner's pleadings in the trial court, we find the obligation sued upon was appellant LeFors' failure to deliver the cattle which appellee alleges he had contracted to buy, but that LeFors attempted to deliver other cattle. Appellee also prayed for return of his part pay-

1. "Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

ment and damages for the breach of the contract.

■ Since the obligation sued on was failure to deliver certain cattle to appellee under a written contract, we need to determine where appellant was obligated to perform such delivery. One provision reads: "Seller agrees to deliver cattle to Ranch Pens." Another set out that: "Cattle are now on Emmett LeFors Ranch and are to remain on same from date of this contract until delivery is made." Written in long hand on the printed contract were these words: "Steers to be Del to Ranch Pens Then Buyer Receive Steers Furnish Trucks Haul to W-N Finkner Feed Lot 2 miles West Petersburg Texas and steers weighed straight without any shrink and pay all Trucking. Part Payment $10.00 per head Bal(ance) when steers are weighed at Finkner Feed Lot."

We believe the contract is not ambiguous but sets out in clear language that appellant LeFors was obligated to perform where his ranch and cattle were located by delivering to appellee the cattle contracted for in, at, or to said pens. It seems to be the intention of the contract that the cattle would be enclosed in the pens by appellant so that appellee could load them in his trucks at that point. The cattle pens of appellant were not in Hale County, but were in Scurry County—the place where appellant LeFors was obligated to deliver the cattle to appellee.

■ A plaintiff does have to show that the obligation sought to be enforced is made performable in the county of suit by the terms of the contract itself. Venue under Section 5 is not controlled by the place where the contract required the plaintiff to perform, but by the place where the contractual obligation sued upon required the defendant to perform. Groce v. Gulf Oil Corp., Tex.Civ.App., 439 S. W.2d 718, n. w. h.; Rogers v. Waters, Tex. Civ.App., 262 S.W.2d 521, n. w. h. (and cases cited); McKinney v. Moon, Tex. Civ.App., 173 S.W.2d 217, n. w. h. (and cases cited).

Appellee contends the cattle were to be paid for in Hale County, and that appellant's obligation to return the $3600 paid as a part of the purchase price was performable in Hale County. Appellee further claims that title to the cattle would not pass until weighed and paid for in Hale County. The test under Section 5 is where the obligation sued on required the defendant to perform, not the plaintiff, and, in this case, that location was Scurry County. Groce v. Gulf Oil Corp., supra.

The cases cited by appellee interpreting and applying the meaning of "f. o. b." in certain contracts do not apply here because of the language of the contract.

Appellant's other points complain of the trial court admitting parole evidence of custom in buying and selling cattle. Having determined the contract here is unambiguous, we think such evidence was improperly admitted.

We conclude appellant's obligation which appellee sued on was performable in Scurry County and not Hale County, and that the judgment of the trial court should be reversed and the cause transferred to Gray County, the county of Appellant's residence.

The judgment is reversed, and the cause is ordered transferred to Gray County.