**JETER–MILLAR COMPANY, Inc.,**
Appellant,

v.

**KASCH BROS., INC., Appellee.**

No. 4449.

Court of Civil Appeals of Texas,
Eastland.

April 9, 1971.

James T. Rudd, Grand Prairie, for appellant.

John A. Burgess, Tollett & Burgess, Big Spring, for appellee.

McCLOUD, Chief Justice.

This is a venue case. Appellee, Kasch Bros., Inc., the general contractor, filed suit in Howard County against appellant, Jeter-Millar Company, Inc., a subcontractor. Appellant filed a plea of privilege asking that the cause be transferred to Dallas County, its place of residence. Ap-

pellee filed a controverting plea seeking to retain venue in Howard County under Subdivision 5 of Article 1995, Vernon's Ann.Civ.St. The trial court overruled appellant's plea of privilege.

The parties entered into a written contract which required appellant to install a cork floor, in accordance with certain plans and specifications, in the gymnasium at Angelina College, Lufkin, Angelina County, Texas. Under the contract appellee agreed to pay appellant a fixed sum in consideration for the work to be performed. Appellee alleged in its petition that as a result of certain negligent acts of appellant the floor was not installed in a workmanlike manner as required by the contract and that Angelina College had withheld payment of $16,000.00 to appellee and was demanding that the floor installed by appellant be removed and a new floor installed. Appellee prayed that it recover from appellant such withheld sum plus $585.00 which was incurred by appellee in making certain temporary repairs to the floor. Appellant contends there is no evidence that the obligation sued upon was performable in Howard County by appellant.

Appellee contends that paragraph 14 of the contract meets the requirements of Subdivision 5 of Article 1995,[1] and that venue should be maintained in Howard County, notwithstanding the provisions in the contract requiring appellant to install the floor at Angelina College. The language relied upon is as follows:

" * * * it is specifically understood and agreed that this contract is payable and performable at the office of the CONTRACTOR, 107 South Gregg Street, Big Spring, Howard County, Texas, and all payments on such contract are to be made at such address, *and that*

*venue of any cause of action or claim filed by SUBCONTRACTOR herein, will be filed in Big Spring, Howard County, Texas.* (Emphasis ours.)

■ Under Subdivision 5 a plaintiff must show that the obligation sought to be enforced is made performable in the county of suit by the terms of the contract itself. The determining factor is not whether the contract requires the plaintiff to perform such obligation in the county of suit, but whether the contract requires the defendant to so perform. Groce v. Gulf Oil Corporation, 439 S.W.2d 718 (Tex. Civ.App.1969, no writ history); LeFors v. Finkner, 448 S.W.2d 574 (Tex.Civ.App. 1969, no writ history); McDonald, Texas Civil Practice, Vol. 1, Sec. 4.11.5.

■ The contract in question clearly provided that appellant was to install the floor at Angelina College, Lufkin, Angelina County. The contractual reference to payment has no bearing on venue in this case. It is obvious that the payment referred to is that from Kasch Bros., Inc., to appellant, Jeter-Millar Company, Inc., for work to be performed. Such payment is an obligation of the appellee and is not the obligation on which appellee's action is grounded.

Appellee argues that paragraph 14 is controlling because at the time appellee filed its suit a controversy existed between appellee and appellant concerning the alleged faulty installation and although appellant had not filed a suit it had requested payment of the balance due under the contract. Appellee contends that such request constituted a claim and the effect of paragraph 14 is that the parties bind themselves and agree that, in the event there is a conflict between Kasch Bros., Inc., and Jeter-Millar Company, Inc., that conflict shall be

1. *"Contract in writing.*—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

**600**

resolved, and venue of such suit shall be, in Howard County, Texas.

 We do not agree. Venue is concerned with the propriety of prosecuting a suit involving a given subject matter and specific parties in a particular county. In civil actions generally venue depends upon statutes which may not be rendered inoperative by special contracts. Such statutes prescribe general fact situations which, if shown to exist in a particular case, authorize or require the action to be tried in a specific county. Venue under Subdivision 5 of Article 1995 results from an agreement to perform an obligation in a particular county. An agreement as to venue, as distinguished from a contract in writing requiring performance in a certain county under Subdivision 5, is invalid since venue is fixed by law, and any contract whereby it is agreed to change the law with reference to venue, is void. International Travelers' Association v. Branum, 109 Tex. 543, 212 S.W. 630 (1919); Smith v. Hartt & Cole, 13 S.W.2d 408 (Tex.Civ.App.1929, no writ history); Tilley v. Capital National Bank in Austin, 367 S.W.2d 359 (Tex.Civ.App.1963; no writ history); Ziegelmeyer v. Pelphrey, 133 Tex. 73, 125 S.W.2d 1038 (1939); Bayou Properties Company v. Gobble, 347 S.W.2d 314 (Tex.Civ.App.1961, no writ history); 59 Tex.Jur.2d page 368. Clark, Venue in Civil Actions, page 7; McDonald, Texas Civil Practice, Vol. 1, Sec. 4.02.

 Therefore, to the extent that a contract attempts to create rights greater than those existing under Subdivision 5, such provision is against public policy. Atkins v. Wheeler, 307 S.W.2d 294 (Tex.Civ.App. 1957, dis. w. o. j.).

 We hold that the obligation sued upon was not performable in Howard County under the contract and further the agreement that venue of any cause of action or claim filed by appellant be in Howard County is against public policy and therefore void.

The judgment is reversed, and the cause is ordered transferred to Dallas County.