T. H. JOHNSON et ux., Appellants,

v.

U. S. INDUSTRIES, INC., Appellee.

No. 4471.

Court of Civil Appeals of Texas, Eastland.

June 29, 1971.

Marschall, Hall & McLaughlin, William I. Marschall, Jr., and Phillip R. Lane, San Angelo, for appellants.

Griffin, Griffin & Old, Gordon Griffin, Jr., Brownwood, for appellee.

COLLINGS, Justice.

U. S. Industries, Inc. filed suit in Brown County against T. H. Johnson and wife, Jane Ann Johnson, to recover on a promissory installment note and for penalty, interest and attorney's fees. The defendants filed a plea of privilege to be sued in Mills County, the place of their residence. Plaintiff filed its controverting affidavit asserting that venue was properly laid in Brown County under the provisions of Subdivision 5 of Article 1995 Vernon's Ann.Civ.St. because of a signed agreement entered into between the parties to the effect that in any suit brought by plaintiff against defendants by reason of their failure to make payments as required by the note, venue would lie in Brown County. After a hearing the defendants' plea of privilege was overruled and they have appealed.

Appellants present one point of error in which it is urged that the court erred in overruling their plea of privilege because the contract between the parties providing that venue should lie in a county other than the defendants' county of residence was not a contract to perform an obliga-tion in a particular county as contemplated by Subdivision 5 of Article 1995, and that such provision for venue contravene statutory law and is void. We agree with appellants' contention.

The record shows that appellants executed a promissory note in the amount of $52,102.88 in January 1968. The note was made payable to Big Dutchman, Inc. at the office of C.I.T. Corporation, New York, Chicago or San Francisco. The note was thereafter acquired by appellee. On February 24, 1969, appellee filed a suit against appellants on the note in the United States District Court for the Northern District of Texas. Thereafter the parties entered into a settlement agreement which provided among other things, that the note would be restored to a current status and that the suit in the Federal Court would be dismissed. The settlement agreement further provided that if after the dismissal of the suit in the Federal Court appellee should bring suit against appellants "by reason of failure to make payments as required by said note, all parties agree that venue of such action shall lie in Brown County, Texas". Pursuant to the settlement agreement, the suit in the Federal Court was dismissed and other provisions of the agreement were complied with.

As heretofore noted, appellee thereafter brought this suit against appellants in Brown County upon their note and the settlement agreement entered into in the Federal District Court. In the hearing on the plea of privilege it was stipulated that appellants executed the promissory note and the settlement agreement upon which this suit is filed. Appellee introduced the note and the settlement agreement in evidence and no other evidence was received.

The rule concerning venue in Texas is that a defendant shall be sued in the county of his domicile unless the case comes within one of the exceptions set out in the venue statute. Appellee, as plain-

tiff, seeks to maintain this suit in Brown County by virtue of Subdivision 5 of the statute which provides that:

"Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ For a case to come within the exception contained in Subdivision 5 of the venue statute the terms of the contract must provide for the performance of the obligation sued on in the county of suit. Southwestern Investment Co. v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959); Garcia v. Kingsville First Savings & Loan Ass'n, 415 S.W.2d 537 (Tex.Civ.App.-San Antonio 1967( writ dism.); La Salle County Water Improvement Dist. No. 1 v. Arlitt, 297 S.W. 344 (Tex.Civ.App.-Austin 1927, writ dism.)

■ The obligation sued on in this case is appellee's promise to make the payments required by the note. There was no provision in the note that payment thereon should be made in Brown County. By its terms, the note was payable "at the office of C.I.T. Corporation, New York, Chicago, or San Francisco * * *". Neither does the settlement agreement relied upon by appellee provide for appellants' performance in Brown County of the obligation sued upon. The settlement agreement provides in effect only that if appellee thereafter sues appellants because of their failure to make payments as required by the note that venue of such suit should lie in Brown County. Since the note and settlement agreement sued upon do not provide that appellants perform the obligation sued upon in Brown County, appellee is not entitled to maintain this suit in Brown County under exception 5 of the venue statute. LeFors v. Finkner, 448 S.W.2d 574 (Tex. Civ.App.-Tyler 1969, no writ); Timlin v. Odstrcil, 229 S.W.2d 224 (Tex.Civ.App.-Austin 1950, no writ); May v. Perkin, 227 S.W.2d 393 (Tex.Civ.App.-Austin 1950, no writ); Tilley v. Capital National Bank, 367 S.W.2d 359 (Tex.Civ.App.-Austin 1963, no writ); La Salle County Water Improvement Dist. No. 1 v. Arlitt, 297 S.W. 344 (Tex.Civ.App.-Austin 1927, writ dism.); Wrenn v. Brooks, 257 S.W. 299 (Tex.Civ. App.-Waco 1923, no writ); Heid Bros., Inc. v. Reisto, 247 S.W. 349 (Tex.Civ.App.-Galveston 1922, writ ref'd); McDonald's Texas Civil Practice, Volume 1, Section 4.11.5.

■ We do not agree with appellee's contention that by reason of the settlement agreement appellants waived any right to be sued in the county of their residence. The settlement agreement is void insofar as it attempts to change venue contrary to the statutory law of the state. Jeter-Millar Company, Inc. v. Kasch Bros., Inc., 466 S. W.2d 598 (Tex.Civ.App.-Eastland 1971, no writ). International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630 (1919); Ziegelmeyer v. Pelphrey, 133 Tex. 73, 125 S.W.2d 1038 (Tex.Com.App.1939, opinion adopted); Bexar County Mutual Ins. Co. v. Ward, 245 S.W.2d 325 (Tex. Civ.App.-Eastland 1952, no writ); La Salle County Water Improvement Dist. No. 1 v. Arlitt, 297 S.W. 344 (Tex.Civ. App.-Austin 1927, writ dism.).

The judgment is reversed and the cause is ordered transferred to Mills County.