**Billy J. McCULLOUGH, Appellant,**

v.

**FIDELITY UNION LIFE INSURANCE COMPANY, Appellee.**

**No. 5033.**

Court of Civil Appeals of Texas, Waco.

Aug. 19, 1971.

Rehearing Denied Sept. 9, 1971.

Carter, Jones, Magee, Rudberg, Moss & Mayes, Ben Warder, Jr., John Agnew and Jack Cowley, Dallas, for appellant.

Andress & Woodgate, Dallas, for appellee.

## OPINION

HALL, Justice.

We are concerned on this appeal with orders of the trial court which overruled the defendant-appellant's plea of privilege and temporarily enjoined the defendant from violating an agreement not to compete with plaintiff-appellee.

On June 1, 1970, plaintiff and defendant executed a contract in which defendant was appointed an agent of the company for the purpose of soliciting applications for, and selling, insurance. On the same day, the parties executed a "supplement to agent's contract" providing, in part, as follows:

"10. *. * * Agent agrees that he will not, for a period of two (2) years immediately following the termination of this contract for any reason, engage in any way, directly or indirectly, in any business or for any other company competitive with Fidelity Union Life Insurance Company in that specialized part of its business involving the specialty field of selling life insurance to college or university senior or graduate students, * * *. For violation of this provision

the Agent agrees that the Company shall be entitled to an injunction to be issued by the District Court of Dallas County, Texas, enjoining and restraining the Agent, and each and every person or firm concerned therein, from the continuance of such employment, service, or other act in aid of the business of such rival company or concern, this to be in addition to any other remedy at law or in equity available to the company. It is further agreed that the laws of the State of Texas shall govern and be applicable in any such proceeding."

Defendant's contract with plaintiff was terminated on December 1, 1970, at which time defendant became a general agent in Travis County for Coastal States Life Insurance Company.

This action was brought in Dallas County. Plaintiff pleaded a breach by defendant of the covenant not to compete, and sought temporary and permanent injunctions to prevent further violations of the agreement, "for which it has no adequate remedy at law;" and $8,000 damages allegedly suffered by it as a result of the breach. Plaintiff also pleaded for recovery on a demand note in the amount of $129.89.

Defendant filed a plea of privilege to have the cause transferred to Travis County, the county of his residence. In its controverting plea, plaintiff adopted its petition and pleaded " * * * it is a fact that defendant entered into a contract in writing with the plaintiff, performable in Dallas County, Texas, within the provisions of Subdivision 5 of Article 1995, and expressly contracting for venue of an action such as this in Dallas County, Texas, waiving any right to deny venue in Dallas County." After a hearing without a jury, the trial court overruled the plea of privilege and granted the temporary injunction sought by plaintiff against defendant.

Defendant asserts that the trial court erred in overruling the plea of privilege because the contractual provision purporting to fix venue in Dallas County contravenes Article 4656, Vernon's Texas Civil Statutes, and is void and unenforceable. We sustain this contention.

Thus, we have the following statutes before us for construction and application:

Subd. 5, Article 1995: "Contract in writing. If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Article 4656 contains the following provisions:

"Jurisdiction for trial. Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

A proper resolution of the venue question requires a determination of whether the main purpose of this suit is recovery on the note, or is for damages, or is injunctive relief. See Brown v. Gulf Television Company, 157 Tex. 607, 306 S.W.2d 706, 709. Answering this court's questions during oral argument, the attorney for plaintiff-appellee stated (1) that the primary remedy sought by plaintiff is injunctive relief, and (2) that the single basis upon which plaintiff seeks to hold venue in Dallas County is the contractual pro-

vision contained in the supplemental agreement between the parties. These admissions are fully supported by the record.

■ Subd. 5 of Article 1995 has no application here. In the supplemental agreement, defendant did not contract "to perform an obligation" in Dallas County. Rather, he agreed that in the event he breached the covenant not to compete then plaintiff "shall be entitled to an injunction to be issued by the District Court of Dallas County, Texas * * *." Therefore, venue in this case is controlled by Article 4656 and must be transferred to Travis County unless, as contended by plaintiff in its controverting plea, defendant contractually waived "any right to deny venue in Dallas County."

■ When writs of injunction are granted to stay proceedings in a suit or execution on a judgment, the provisions in Article 4656 for the return of the writ are jurisdictional and therefore mandatory. As to writs of injunctions for other causes, "our courts have recognized that the statute is primarily a venue statute." Ex parte Coffee, 160 Tex. 224, 328 S.W.2d 283, 290. Nevertheless, because the provision for venue in the supplemental agreement contravenes Article 4656 it is therefore void and unenforceable.

■ Venue is fixed by law, and though a party to a lawsuit may waive his venue privilege, any contract to change the law with reference thereto before any controversy has arisen "is utterly against public policy" and void. International Travelers' Ass'n v. Branum, 109 Tex. 543, 212 S.W. 630, 632; Ziegelmeyer v. Pelphrey, 133 Tex. 73, 125 S.W.2d 1038, 1040; Bayou Properties Company v. Gobble, (Tex.Civ. App., Waco, 1961, no writ hist.) 347 S.W. 2d 314, 315; Jeter-Millar Company, Inc. v. Kasch Bros., Inc., (Tex.Civ.App., 1971, no writ hist.) 466 S.W.2d 598, 600. This

is true whether the venue agreement is to extend venue to an additional county or restrict venue to a particular county. Fidelity Union Life Ins. Co. v. Evans, (Tex.Civ.App., Dallas, 1971, no writ hist.) 468 S.W.2d 869.[1]

■ Defendant contends that the temporary injunction is invalid because the order granting it does not sufficiently set forth reasons for its issuance. We agree.

The order granting the writ of injunction simply recites that the court "heard the evidence and argument of counsel;" and that "thereafter the Court deemed that the temporary injunction should be granted;" and then decrees that the writ shall issue.

Rule 683, Texas Rules of Civil Procedure, provides: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; * * *." This provision is mandatory, State v. Cook United, Inc., (Tex.Sup., 1971) 464 S.W.2d 105, 106; and requires that the order "set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue." Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, 553.

Defendant's remaining points and contentions are rendered immaterial by our rulings set forth above, and are not considered.

The order granting the writ of temporary injunction is set aside, and the question of its issuance is remanded for further proceedings thereon. The order overruling the plea of privilege is reversed and judgment is here rendered transferring this cause to the District Court of Travis County, Texas.

1. In the Evans case, recently decided, the court was called upon to determine the validity of the identical venue agreement that we have here. It concluded, as we have, that the provision was contrary to law and unenforceable.