WILHELMINE REICHARD, Respondent, v. THE MANHATTAN LIFE INSURANCE COMPANY, Appellant.

1. As a general rule, the party holding the affirmative of the issues has the right to open and conclude the argument to the jury ; but such practice being within the discretion of the court, the refusal to give the defendant the conclusion will be no cause for reversal of the judgment.
2. An agreement in a policy of insurance, executed by a foreign insurance company, that the insured waives the right to bring an action upon the policy except in the courts of the state incorporating such company, is void, both as against public policy and the statute of this state relating to foreign insurance companies of Dec. 8, 1855. (R. C. p. 884.)
3. Where, in a policy of insurance upon life, the representation was made that the insured was sober and temperate and in good health ; if the representation was true at the time it was made, the subsequent habits of the insured would be no bar to a recovery upon the policy.

*Appeal from St. Louis Circuit Court.*

Suit upon a life policy of insurance made by the defendant, a company chartered by the state of New-York, and dated July 1, 1856, upon an application dated June 16, 1856. To the question, " Is the party sober and temperate ?" the applicant answered, " Yes." *Q.* " What is the present state of health of the party ?" *Ans.* " Very good." *Q.* " Does the applicant know that any misstatement would render the policy void ?" *Ans.* " Yes."

The application had the following provision : " I hereby expressly waive all right to bring any action for any claim whatever arising under any policy issued to me on this application and declaration except in the courts of New-York."

The policy having been forfeited by nonpayment of the premium, was renewed July 16, 1857.

The instructions appear in the opinion. The verdict was for the plaintiff.

*Knox & Kellogg*, for appellant.

I. The appellant insists that the respondent, before the issuing of the policy sued on, waived all right to sue except in the courts of the state of New-York, and that the court erred in refusing the instruction asked to that effect.

II. The court erred in refusing to instruct the jury, that if Reichard's death was occasioned by the intemperate and excessive use of intoxicating drinks, the plaintiff was not entitled to recover.

*Hart & McGibbon*, for respondent.

I. The instructions asked by defendant and refused, point to no period of the life of the insured, and cover his whole lifetime. The instructions given by the court present to the jury the question, as to the truth of the declarations made by the insured in the application, and at the revival of the policy..

II. The material question was whether the assured was sober and temperate at the time the risk was to take effect, or was revived. The jury found that issue for the plaintiff; and the instructions given covering that point, it was not error to refuse to repeat them. (Williams v. VanMeter, 8 Mo. 339 ; Pond v. Wyman, 15 Mo. 175 ; Carrol v. Paul, 19 Mo. 102; Hurst v. Robison, 8 Mo. 82 ; Huntsman v. Rutherfurd, 13 Mo. 465; Gamache v. Piquinot, 17 Mo. 310 ; Young v. White, 18 Mo. 93.)

III. The waiver of the right to sue in any other court than those of the state of New-York, was void, as against public policy. (Story on Cont. 545 ; Chitty on Cont. 674.)

BAY, Judge, delivered the opinion of the court.

This was an action to recover the sum of two thousand dollars, with interest, insured by defendant upon the lives of Frederick Reichard and Wilhelmine his wife, for the sole use of the survivor. The policy bears date July 1st, 1856, and required that the premium should be paid annually on or before the 26th of June in every year, otherwise said policy to cease and terminate. The policy became forfeited by the nonpayment of the premium, but was renewed on the 16th of July, 1857. Frederick Reichard died January 27, 1858. It is provided in the policy, and declared to be the true intent and meaning thereof, that if the declaration made by the said

Frederick and Wilhelmine, bearing date the 16th and 18th days of June, 1856, and upon the faith of which the agreement was made, shall be found in any respect untrue, then and in such case said policy shall become null and void. In the statement referred to, the insured represented that they were sober and temperate, and in good health. It was also stipulated between the parties, that the insured waives all right to bring an action under said policy except in the courts of the state of New-York.

The answer of defendant denies the right of plaintiff to sue in the courts of Missouri. It sets up as a further defence, that said Frederick Reichard was not a sober and temperate man when said policy was issued and when the same was revived, nor was he in good health when said policy was revived.

Upon the trial below, defendant's counsel claimed the right to open and conclude, upon the ground that the answer set up affirmative matter to defeat the action; and the refusal of the court to so permit him is assigned here as error. There can be no doubt but that the general practice in this country is to permit the party holding the affirmative, and upon whom rests the burden of proof, to open and conclude the argument to the jury, but it is a mere matter of practice resting in the discretion of the court; and this court has held, in Wade v. Scott, 7 Mo. 509, and in Tibeau v. Tibeau, 22 Mo. 77, that it will not reverse a judgment upon that ground, unless it is manifest that such refusal has produced a wrong to the party. In this case, we are not advised that the defendant suffered any injury by the ruling of the court in that respect.

The next error is that the court refused to instruct the jury, that if they found from the evidence, that, when application was made for the policy of insurance, the applicants waived all right to bring any action for any claim whatever arising under said policy except in the courts of the state of New-York, then the plaintiff can not recover.

We think the court very properly refused this instruction,

not only upon the ground that the agreement to waive the right to sue in our courts is void, as against public policy, but because it is in direct contravention of a statute of this state passed for the government and regulation of agencies of foreign insurance companies, approved December 8, 1855. The first section of the act requires that every person acting as an agent of an insurance company not incorporated by the laws of this state, shall, before entering upon his duties, perform certain acts, among which is the following:

" He shall file with the clerk of the county court of the county in which he proposes to do business a resolution of the board of directors of such company, duly authenticated by the secretary thereof, under seal of such company, authorizing any person having a claim against such company, growing out of a contract of insurance in this state with the agent or agents thereof, doing business in this state, to sue such company for the same in any court of this state having competent jurisdiction ; and further authorizing the service of process on said agent or agents, by personal service, or by leaving a copy thereof at his last place of abode, to be binding on said company to abide the issue of said suit, and that such service shall authorize a judgment in such suit against such company in the same manner and with like effect as a judgment is taken against an individual in such court when having full jurisdiction over him."

The object of this enactment is very apparent. Prior to its passage our courts had no control over these foreign companies, who felt licensed to defraud our citizens out of their just dues whenever they felt so disposed. In many instances the owners of property insured submitted to ruinous compromises rather than undergo the vexation, expense and uncertainty of litigating with a powerful corporation in the courts of a distant state. The legislature, therefore, very wisely determined that they should not do business in this state unless under certain restrictions imposed for the public good. The right of claiming to sue in our courts is one of the concessions made by these companies for the privilege of

being permitted to establish agencies here. The agreement of the parties then, in this case, is not only to divest our courts of their jurisdiction, but to relieve the defendant of an obligation, not imposed by the insured, but by a law of the state. We are clearly of opinion that such an agreement is null and void.

The last ground of error is the refusal of the court to give certain instructions asked for by defendant. The court, at the instance of defendant, gave the following instructions:

· "If the jury find from the evidence that the said Frederick Reichard was not sober and temperate when the policy sued on was issued, they will find for the defendant.

"If the jury find that Frederick Reichard was not of sober and temperate habits on the 16th day of July, 1857, when said policy was renewed, they will find for the defendant.

"If the jury find from the evidence that, at the time the policy sued on was renewed, the said Frederick Reichard was of intemperate habits, and that this fact was not communicated by the assured to the defendant, then the plaintiff can not recover.

"If the jury find from the evidence, either that the said Frederick Reichard was not, at the time of issuing the policy, a temperate man, or was not a sober and temperate man when the policy sued on was renewed, the jury will find for the defendant, unless they further find that said defendant had notice that said Reichard's habits were not sober and temperate at these times.

"If the jury find from the evidence that said Reichard was not in good health on the 16th of July, 1857, when the policy sued on was revived, then the plaintiff can not recover in this case."

The defendant then asked the court to give the following instructions, which were refused:

"If the jury find from the evidence that Frederick Reichard's death was occasioned by the intemperate use of intoxicating drinks, then the plaintiff can not recover.

"If the jury find from the evidence that Frederick Rei-

chard's death was hastened by the intemperate use of intoxicating drinks, the plaintiff can not recover.

"If the jury find from the evidence that Frederick Reichard died in consequence of the excessive use of intoxicating drinks, then the plaintiff can not recover."

The instructions refused do not, in our opinion, embody the law of the case. They refer to no definite period of time. It is immaterial whether Reichard's death was occasioned by intemperance or not. If he was, at the time of the issuing of the policy and at the time of the renewal thereof, temperate and in good health, then it can not be said that he made false representations to the company, without which the risk would not have been taken. The risk was taken upon the statement made at the time of issuing the policy, and had no reference to any future change in the habits of the insured. If Reichard became intemperate subsequent to the issuing and renewal of the policy, and this fact could be set up in bar to a recovery, we see no reason why intemperance in eating, the undue exposure of the person to the inclemency of the weather, or any other act tending to shorten life, might not with equal propriety be pleaded in bar.

The instructions given left it to the jury to say whether, at the time of the issuing and renewal of the policy, Reichard was in good health and of sober and temperate habits. It was a question of fact, and the jury having passed upon it, we see no reason to disturb their verdict.

The other judges concurring, the judgment is affirmed.