# THE STATE ex rel. JAMES HARBIS v. FRANCIS H. TRIMBLE et al., Judges of Kansas City Court of Appeals.

### In Banc, February 21, 1922.

1. **CERTIORARI: No Conflict of Opinions.** If the decision of the Court of Appeals in a given case does not conflict with a previous decision of the Supreme Court, its opinion will not be quashed on *certiorari*, whatever views may be entertained of the correctness of the opinion.

2. ———: ———: **Cause of Action: Arising Under Laws of Another State: Suit Limited to Courts of Such State.** The decision of the Court of Appeals that under a section of the Workmen's Compensation Act of Kansas declaring that "no action or proceeding provided for in this act shall be brought or. maintained outside of the State of Kansas" an injured workman could not maintain an action for damages in the courts of Missouri, did not conflict with any previous decision of the Supreme Court, for the Supreme Court has never ruled on the exact issue.

3. ———: ———: **Entertaining Suits.** The question whether Missouri courts will entertain an action to enforce a cause of action created by the statute of a sister state when such statute explicitly provides that the cause of action it creates can be enforced solely in the courts of such sister state, has never been decided by the Supreme Court. That was not the exact question decided in Reichard v. Ins. Co., 31 Mo. 1. c. 520, or in Bank v. White, 220 Mo. 1. c. 737, or in Lessenden v. Railway Co., 238 Mo. 247.

### *Certiorari.*

WRIT QUASHED.

*L. A. Laughlin, E. H. Gamble, S. L. Trusty* and *J. N. Beery* for relator.

(1)   The court erred in it opinion in holding that petitioner could and did contract away his right to resort to the Missouri courts to enforce his claim, which ruling was in conflict with previous controlling decisions of this court.   Reichard v. Ins. Co., 31 Mo. 518; Bank v. White, 220 Mo. 717.   (2)   The Court of Appeals erred in holding that the State of Kansas could by statute restrict the jurisdiction of the courts of a sister state, including Missouri, to enforce a transitory cause of action, such as that of this petitioner.   Tenn. Coal & Iron Co. v. George, 238 U. S. 354; Keeney v. Supreme Lodge, 252 U. S. 411.

*McFadden & Claflin, Miller, Camack & Winger* and *S. J. McCulloch* for respondents.

(1)   The decision of the Kansas City Court of Appeals holding that the plaintiff in the trial court, relator here, was bound by the provision of the Workmen's Compensation Act of Kansas, declaring that "no action or proceeding provided for in this act shall be brought or maintained outside of the State of Kansas," is not in conflict with any prior decision of the Supreme Court of Missouri.   (2)   The scope of the inquiry by this court on a writ of *certiorari* issued to enforce the provisions of Section 6 of the Amendment of 1884 to the Constitution is limited to the single question whether the Court of Appeals has decided anything contrary to the last previous controlling decision of the Supreme Court. State ex rel. Zehnder v. Robertson, 262 Mo. 618.   If there is no conflict between the two courts, it matters not whether the decision of the Court of Appeals was right or wrong. State ex rel. Arel v. Farrington, 272 Mo. 163.   Harmony of the written opinions, not harmony of decisions with respect to the case on the merits, is the rule of the Supreme Court in such cases.   State ex rel. McNulty v. Ellison, 278 Mo. 47.   (3)   The Court of Appeals in its opinion held in substance that where one suffers an injury in the State of Kansas, and has elected as provided in the Workmen's Compensation Act of Kansas to be bound by said act, the act and all its conditions are to

be read into his contract of employment, as part and parcel thereof, and one of these conditions being that no action could be maintained thereunder outside of the State of Kansas, his action was improperly brought in the State of Missouri, and hence the judgment rendered therein must be reversed. (4) It will be noted in the opinion that the relator entered into no written agreement to be bound by said act, but his acceptance thereof arises wholly by implication from the terms of the act, which provides that "every employee entitled to come within the provisions of this act shall be presumed to have done so unless such employee shall file with the Secretary of State before injured a written declaration that he elects not to accept thereunder." (5) The Legislature alone was responsible for the act and for making it a part of such contract, and thereby declared the public policy of Kansas that an action thereunder should not be maintained outside of that State, making the action local and not transitory. (6) It would seem, therefore, that the only question that could arise in the premises is, Did the Legislature of Kansas have the power to enact such a statute? Relator does not claim that our Supreme Court has ever denied the power of a state legislature to pass such a statute. Nothing of that kind is decided or even intimated in the two cases, he relies on. (7) His contention is that the Court of Appeals erred in holding that he could and did contract away his right to resort to the Missouri courts to enforce his claim. Relator made no contract in the usual sense, but one was made and thrust upon him by the Legislature. The Court of Appeals does not hold that relator could and did make such a contract, but merely that he impliedly accepted the provisions of the act under its terms. Nor did the Court of Appeals hold that relator could or did contract away his right to resort to the courts of Missouri. What it decided was that, having accepted the provisions of the act he was bound thereby, including the provision not to sue outside of the State of Kansas, he could not maintain his action in Missouri. (8) Under the decisions of the Supreme Court the ques-

tion raised in relator's second assignment of error is wholly irrelevant in this proceeding.

JAMES T. BLAIR, C. J.—*Certiorari.* The writ brings here the record of the Kansas City Court of Appeals in the case of Harbis v. Cudahy Packing Company. Harbis, who is a resident of this State, had recovered judgment against the Packing Company for injuries he had received while in that company's employ in the State of Kansas. The action was brought under the Workmen's Compensation Act of Kansas. On appeal the judgment was reversed. It is contended the Court of Appeals brought its opinion into conflict with decisions of this court in respects hereafter to be mentioned. The Court of Appeals stated that the Packing Company contended that relator had no cause of action under the Workmen's Compensation Act of Kansas which he could enforce in a Missouri court, and relied in this contention upon a section of that act which provides that "no action or proceeding provided for in this act shall be brought or maintained outside of the State of Kansas." The court founded its decision upon this provision. It held it was enforcible according to its terms, and that the suit could not be maintained in Missouri. It reversed the judgment for $222 which relator had recovered against the Packing Company.

In order to understand the question presented it will be necessary to set out the part of the opinion which shows the view the Court of Appeals took upon the question it decided. It is as follows:

"The first and principal contention urged by defendant in this court is that the circuit court of Missouri has no jurisdiction of this cause, and cites Section 20 of the Workman's Compensation Act of Kansas providing that 'no action or proceeding provided for in this act shall be maintained outside of the State of Kansas.' This was Section 36, Chapter 218, Session Laws of Kansas, 1911. The original Act of 1911 was amended in some respects by Chapter 216, Session Laws of 1913. In Sec-

tions 11 and 20 of the amended Act of 1913 the same clause was retained *verbatim* (Sec. 5930, supra).

"In Cook v. Hines, Director General, decided at this term and not yet reported, this court held: 'It cannot be successfully contended that plaintiff has not the right in law to institute his suit in Missouri, and if he does so the laws of the State where the accident occurred determined whether or not any cause of action exists for and on account of the accident.' Citing Keele v. Ry. Co., 258 Mo. 62, 167 S. W. 433; Yost v. Railway, 245 Mo. 219, 149 S. W. 577; Newlin v. Ry. Co., 222 Mo. 375, 121 S. W. 125.

"In administering the laws of another State we administer them, not our own. The reason therefor being that if a litigant has no cause of action in the courts of the State in which his injury occurred he has none here. It behooves us, therefore, at the threshold of this case to determine the construction placed upon the particular question complained of by the defendant by the courts of the State of Kansas where the injury is alleged to have occurred.

"The Kansas Courts have held that the relation between employer and employee established by the Workmen's Compensation Act of Kansas is contractual. In Shade v. Lime & Cement Co., 144 Pac. (Kan.) l. c. 250, the court held: 'Briefly it may be said that the operation of the system of compensation provided by the statute rests upon the free consent of the employer and employee, given in the manner provided by the act.   .   .   . Being elective, the act does not become effective as to employer or employee unless such employer or employee chooses to come within its provision. Having once elected to come within the provision of the act, as long as such election remains in force the act is effective as to the party or parties making the election, and, in case an employer and employee both elect to come within the provisions of the act, the act itself then becomes a part of the contract of employment, and can be enforced, as

292 Mo.—22

between the parties as such.' [Deibeikis v. Link Belt Co., 261 Ill. 454, 465, 104 N. E. 211, 216.]

"The rule is fundamental that trial courts in any State will enforce the transitory cause of action accruing in another State, and has been so held by the United States courts and the supreme courts of the various States. It will not be necessary to quote from these decisions. But reference is made to the following: Northern Pacific Ry. Co. v. Babcock, 154 U. S. 190; Herrick v. Ry., 31 Minn. 11; Dennick v. Railroad Co., 103 U. S. 11, 17; Texas & Pacific Ry. Co. v. Cox, 145 U. S. 593; Huntington v. Attrill, 146 U. S. 657. We, therefore, hold that the relation of employer and employee under the act in question is a contractual one, and that the Missouri courts have jurisdiction of the subject-matter and parties under proper personal service.

"The testimony tends to show that plaintiff has been in the employ of defendant company on two occasions. The last employment being in the month of July, 1916, and that the accident occurred July 20, 1917. Section 5928, General Statutes of Kansas, provides: 'All employers as defined by and entitled to come within the provisions of this act shall be presumed to have done so unless such employer shall file with the Secretary of the State at Topeka, Kansas, a written statement that he elects not to accept thereunder, and thereafter any such employer desiring to change his election shall only do so by filing a written declaration thereof with the Secretary of State. Notice of such election shall be forthwith posted by such employer in conspicuous places in and about his place of business.'

"Section 5939 of such statute provides: 'Every employee entitled to come within the provisions of this act shall be presumed to have done so unless such employee shall file with the Secretary of State before injured a written declaration that he elects not to accept thereunder, and thereafter any such employee desiring to change his election shall only do so by filing a written declaration thereof with the Secretary of State. Any contract wherein an employer requires an employee as

a condition of employment that he shall not elect to come within the provision of this Act shall be void.'

"The testimony tends to show that neither employer nor employee in this case filed with the Secretary of State before the injury complained of occurred his declaration electing not to accept under the acts; that neither had taken any action to place himself without the operation of said law; and therefore both are presumed to have been operating under the contract of employment as defined by the act. Having, therefore, accepted such contract, plaintiff may not be permitted to institute his suit outside the State of Kansas in direct violation of one of the express covenants thereof. For the act being itself a part of the contract of employment, then that provision thereof forbidding suit to be brought outside of Kansas is a part of the contract and cannot be disregarded. Indeed, it can readily be seen that one of the inducements that would lead one of the parties to elect to come under the act is the important consideration that if a controversy should unfortunately arise between the parties to the contract, suit could not be brought except in the forum of the place of the contract. It is well settled that parties may so contract if they choose. [15 C. J. 739; Daley v. Peoples Building Assn., 178 Mass. 13; Mittenthal v. Mascagani, 183 Mass. 19; Grieve v. Aetna Live Stock Ins. Co., 30 N. Y. Supp. 668.] The right of action sought to be enforced is that arising under the Workmen's Compensation Act of Kansas. The statute creating a right of action may impose the condition that an action thereof shall be brought only in the courts of the State. [Lessenden v. Ry. Co., 238 Mo. 247, 260.] A writ of error against the case just cited was denied by the U. S. Supreme Court, 225 U. S. 696."

Relator contends (1) that the holding that he "could and did contract away his right to resort to the Missouri courts to enforce his claim . . . is in conflict with previous controlling decisions of this court," to-wit: Reichard v. Ins. Co., 31 Mo. 518, and Bank v. White, 220 Mo. 717. He also contends (2) that "the Court of Appeals erred in holding that the State of Kansas could by

statute restrict the jurisdiction of the courts of a sister state, including Missouri, to enforce a transitory cause of action, such as that of this petitioner.'' In support of this, cases from other jurisdictions are cited.

In Reichard v. Ins. Co., l. c. 520, 521, a life insurance policy was involved, the application for which contained the following: "I hereby expressly waive all right to bring any action for any claim whatever arising under any policy issued to me on this application and declaration except in the courts of New York." The company pleaded this in bar of the action on the policy in the courts of Missouri. This court held the agreement relied upon by the defendant was void "not only upon the ground that the agreement to waive the right to sue in our courts is void, as against public policy, but because it is in direct contravention of a statute of this State," which, it was held, made the company's submission to actions on its policies a condition precedent to their admission to do business in this State. Bank v. White, 220 Mo. l. c. 737, 738, cited and approved the ruling in the Reichard Case to the effect that contracts ousting the jurisdiction of our courts are void. The contract in the White Case was made in this State. The rule in the White Case does not add anything to that in the Reichard Case in so far as the question of conflict in the instant case is concerned.

The question decided in these cases is not the real question the Court of Appeals decided in the case now before us. That question was, whether Missouri courts would entertain an action to enforce a cause of action created by a statute of a sister State when such statute explicitly provided that the cause of action it created could be enforced solely in the courts of that State. While the Court of Appeals held that the Kansas statute, under Kansas decisions, became a part of the contract of employment and was enforcible as such, it did not hold that the statute thereby lost its character and force as a statute, with respect to the question then before that court, because it did become a part of the contract. Such a holding is not made by the Kansas decision cited,

nor is it in harmony with our own. The statute remained a statute for the purposes of the question before the Court of Appeals, and we understand the opinion of that court so to treat it. The difference between the question decided in the cases from this court, to which we have referred, and that decided by the Court of Appeals on the record before us is considerable, as is apparent from the face of the questions themselves. Upon the question decided by the Court of Appeals there is an expression, *obiter* (Lessenden v. Railway, 238 Mo. 247) of this court which is in harmony with the Court of Appeals decision. This court has never considered the question on a record which presented it, so far as counsel or we have been able to find. Outside this jurisdiction there is some conflict of authority. It is held (Tennessee Coal, Iron & R. R. Co. v. George, 233 U. S. 354) that the enforcement of such a cause of action by the courts of a sister state does not infringe the full faith and credit clause of the Federal Constitution, but that holding does not preclude state courts from refusing to enforce it. The cases, *pro* and *con*, upon the question are collected and discussed in a note to the case last cited in L. R. A. 1916D, l. c. 688, et seq. [See Gooding v. Ott, 87 S. E. (W. Va.) 862.] A discussion of these cases is not pertinent here, since the question before us does not concern a choice between the rules, but is, merely, whether the Court of Appeals by its choice has conflicted decisions of this court.

The statute (Sec. 1162, R. S. 1919) and the decisions in Gold Issue M. & M. Co. v. Ins. Co., 184 S. W. 999, and Cement Co. v. Gas Co., 255 Mo. 1, declare a general policy, but this court has never decided that this policy includes causes of action which are created by a statute of a sister state (or authorized by such statute to be created by the parties) and expressly attempted by it to be limited in enforcement to the courts of the creating state. The Court of Appeals held that it did not include them. We are not now deciding what this court thinks of this question, but merely whether

what the Court of Appeals decided concerning it conflicts with decisions of this court. It is apparent it does not. The writ is quashed. All of the judges concur, except *Woodson, J.,* absent.