**STATE of Missouri ex rel. GOOSENECK TRAILER MANUFACTURING COMPANY, INC., Plaintiff,**

**v.**

**The Honorable Charles V. BARKER, Judge of the Circuit Court of Polk County, Missouri, Defendant.**

**No. 12063.**

Missouri Court of Appeals, Southern District, Division One.

July 30, 1981.

Rodney Loomer, Turner, Reid, Duncan & Loomer, Springfield, for plaintiff.

Lynn Myers, Daniel, Clampett, Rittershouse, Dalton & Powell, Springfield, for defendant.

FLANIGAN, Judge.

Plaintiff in this prohibition proceeding, Rule 97,[1] is Gooseneck Trailer Manufacturing Co., Inc. Defendant is Hon. Charles V. Barker, Judge of the Circuit Court of Polk County, Missouri. The underlying action is Case No. CV–780–31–CC pending in the Circuit Court of Polk County, in which

1. Unless otherwise indicated all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

Gene C. Williams, d/b/a Gene C. Williams Trailer Sales, is plaintiff and Gooseneck is defendant. In this proceeding the attorneys who represent defendant judge also represent Williams in the trial court.

In the trial court Gooseneck filed a motion for an order quashing service and dismissing the action. After the trial court indicated his intention to deny the motion, this proceeding ensued, and this court issued a preliminary order in prohibition.

Gooseneck's position here is that its motion is well taken for the reason that the trial court lacks jurisdiction over the person of Gooseneck and for the reason there is no venue in Polk County. Although Gooseneck advances several grounds [2] in support of its position, only one will be considered. That ground is based on paragraph 18 of the "dealer franchise agreement" entered into between Gooseneck and Williams. Paragraph 18 reads: "Any lawsuit or legal proceeding which arises under or by reason of this contract shall have its venue in Brazos County, Texas."

Gooseneck argues that paragraph 18 is valid and that the Missouri court should enforce it by dismissing the underlying action. Defendant judge agrees, at least tacitly, that paragraph 18, if enforceable, requires dismissal. This court therefore assumes, for the purpose of this opinion, that such is the proper construction of paragraph 18 and the issue here is its validity and not its meaning.

Gooseneck is a Texas corporation. Its principal place of business is located in Bryan, Texas, where the parties executed their agreement on September 13, 1973. Williams is a Gooseneck dealer whose place of business is in Polk County, Missouri.

The fourth paragraph of the agreement reads: "4. *Legal Interpretation.* This Dealer Franchise Agreement is to be governed by and construed according to the laws of the State of Texas. It is understood, however, that this is a general form of agreement designed for use in any state, and it is, therefore, agreed that any provision herein contained, which in any way contravenes the laws of any state or constituted authority which may apply to this Dealer Franchise Agreement, shall be deemed to be deleted herefrom."

With exceptions not here applicable Sec. 1–105 of the Uniform Commercial Code provides: "When a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties." Both Missouri (Sec. 400.1–105) and Texas (Tex.Bus. & Com. Code Sec. 1.105) have adopted this provision.

The supreme courts of Texas and Missouri have held that a "forum-selection clause" such as paragraph 18 is unenforceable.

"Venue is fixed by law, and though a party to a lawsuit may waive his venue privilege, any contract to change the law with reference thereto before any controversy has arisen 'is utterly against public policy' and void. *International Travelers' Ass'n v. Branum,* 109 Tex. 543, 212 S.W. 630, 632; *Ziegelmeyer v. Pelphrey,* 133 Tex. 73, 125 S.W.2d 1038, 1040; . . . This is true whether the venue agreement is to extend venue to an additional county or restrict venue to a particular county." *McCullough v. Fidelity Union Life Insurance Co.,* 470 S.W.2d 209 (Tex.Civ.App.1971). See also *Fidelity Union Life Ins. Co. v. Evans,* 477 S.W.2d 535 (Tex.1972).

2. This court refrains from considering the other grounds advanced by Gooseneck because the instant record is not sufficiently clear to warrant their examination. Accordingly this opinion is limited to the issue of the validity of paragraph 18. *State ex rel. Carver v. Whipple,* 608 S.W.2d 410, 412[1] (Mo. banc 1980).

"Parties also should realize the fact a writ is denied does not mean the trial court is error-free. It means only that the trial court has not exceeded its jurisdiction to the point where a writ will lie. The alleged erroneous action of the court can still be preserved and presented on appeal from final judgment in the regular course of the litigation, *State ex rel. Houser v. Goodman,* supra, 406 S.W.2d [121] l.c. 124 [Mo. App.]." *State ex rel. Norfolk & Western Ry. Co. v. Dowd,* 448 S.W.2d 1, 4[5] (Mo. banc 1969). See *Greenwood v. Schnake,* 396 S.W.2d 723, 726 (Mo.1965).

In *Reichard v. Manhattan Life Ins. Co.*, 31 Mo. 518 (1862), a suit on an insurance policy, the application contained an express waiver by the insured of "all right to bring any action for any claim whatever arising under policy issued me on this application and declaration except in the courts of New York." The court said: "The agreement to waive the right to sue in our courts is void, as against public policy." *Reichard* was cited with approval in subsequent cases including *Brucker v. Georgia Cas. Co.*, 326 Mo. 856, 32 S.W.2d 1088, 1091 (1930); *State v. Trimble*, 292 Mo. 333, 238 S.W. 809 (banc 1922); *First Nat. Bank v. White*, 220 Mo. 717, 120 S.W. 36 (1909).

"Forum-selection clauses have historically not been favored by American courts. Many courts, federal and state, have declined to enforce such clauses on the ground that they were 'contrary to public policy,' or that their effect was to 'oust the jurisdiction' of the court. Although this view apparently still has considerable acceptance, other courts are tending to adopt a more hospitable attitude toward forum-selection clauses. This view, advanced in the well-reasoned dissenting opinion [of the U. S. Court of Appeals] is that such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances. We believe this is the correct doctrine to be followed by federal district courts sitting in admiralty." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972).[3]

The holding in *Bremen* has been applied by two federal district courts sitting in Missouri. In *Public Water, Etc. v. American Ins. Co.*, 471 F.Supp. 1071 (W.D.Mo.1979) Chief Judge Oliver said: "We do not think that the holding of [*Bremen*] may properly be read as limited to federal district courts sitting in admiralty. Indeed, we are convinced that the principle is applicable to all forum-selection agreements . . . ." In *Dick Proctor Imports, Inc. v. Sumitomo Corp.*, 486 F.Supp. 815 (E.D.Mo.1980), Judge Nangle, in discussing *Reichard*, supra, said: "[T]his Court must seriously question the continuing validity of the *Reichard* precedent. Though *Reichard* has never been expressly overruled, it also appears that no Missouri court has dealt with this issue in many years. This Court, sitting via diversity, need not blindly follow existing but outdated precedent in the forum state; it should seek to determine how the courts of the forum state would decide the issue at bar were that issue presented to them at this time."

This court is not bound by the rulings of the two federal district courts. *Hanch v. K. F. C. Nat. Management Corp.*, 615 S.W.2d 28[6] (Mo. banc 1981), nor indeed is it bound, in this matter of state law, by the ruling of the Supreme Court of the United States in *Bremen. Murphy v. Florida*, 421 U.S. 794, 95 S.Ct. 2031, 2035[1], 44 L.Ed.2d 589 (1975); *United States ex rel. Lawrence v. Woods*, 432 F.2d 1072, 1075[3] (7th Cir. 1970); 20 Am.Jur.2d Courts Sec. 225, p. 556; 21 C.J.S. Courts § 205, p. 362. In accordance with the cited rulings of the highest courts of Texas and Missouri this court holds that paragraph 18 of the agreement is invalid and constitutes no basis for sustention of Gooseneck's motion.

The preliminary order in prohibition is discharged.

GREENE, P. J., and TITUS, J., concur.

GREENE, Presiding Judge, concurring.

I believe that the reasoning expressed in *M/S Bremen v. Zapata Off-Shore Co., Public Water, Etc. v. American Ins. Co.*, and *Dick Proctor Imports, Inc. v. Sumitomo Corp.*, cited in the majority opinion, is sound

3. See 56 A.L.R.2d 300 "Validity of Contractual provision limiting place or court in which action may be brought." The holdings of the Texas and Missouri courts are said to represent the majority view.

Sec. 80 of the Restatement (Second) of The Conflict of Laws reads:

"Sec. 80. Limitations Imposed by Contract of Parties

The parties' agreement as to the place of the action cannot oust a state of judicial jurisdiction, but such an agreement will be given effect unless it is unfair or unreasonable."

and represents common sense thinking. These cases hold that forum-selection clauses in a contract are prima facie valid and should be enforced, unless enforcement is shown by the resisting party to be unreasonable under the circumstances.

I know of no valid reason why a person who is of legal age and in his right mind should not be allowed to agree with the other contracting party as to where venue should lie in the event of any dispute over the contract. However, I recognize that the Supreme Courts of Missouri and Texas seem to think otherwise, and agree that judges should follow the law of the forum on state related questions, rather than make it.

It is for this reason that I concur in the majority opinion, rather than dissent.