STATE of Missouri, ex rel. David J.
MARLO, Relator,

v.

Honorable Philip G. HESS, Judge of the
Circuit Court of Jefferson County,
Division II, Respondent.

No. 48261.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 17, 1984.

Daniel R. Reuter, St. Louis, for relator.

Dana Hockensmith, P.C., Hillsboro, for respondent.

GAERTNER, Judge.

At issue in this original proceeding in prohibition is the enforceability of a contractual provision attempting to establish venue of any judicial proceedings which may arise from the contract or its performance.

David Marlo and Hilmer Plumbing and Sewer Service, Inc., entered into a contract wherein Marlo agreed to pay Hilmer $5,300 for the installation of 700 feet of sewer pipe at a location in Jefferson County. The details of the contract are written into a printed form furnished by Hilmer. The printed form contains the following clause:

I [David Marlo] agree that all charges for the collection of the agreed to plumbing or sewer charges including collection fees, attorney fees, court cost, penalty interest or any other expense involved in the collection of these charges will be borne by me in the court of the county in which the indebtedness encurred [sic].

Hilmer filed the lawsuit which underlies these proceedings in Jefferson County alleging its performance of the work and Marlo's non-payment of the contract price. Marlo was served with summons in St. Louis County, his place of residence. Although not relevant to the issues, it would appear from the heading of the contract form that Hilmer conducts its business from an office in St. Louis County. According to the uncontroverted affidavits of the parties, the work was performed and the contractual indebtedness, if any, was incurred in Jefferson County.

Marlo moved to dismiss the action because of improper venue under § 508.-010(1), RSMo 1978, which limits venue over an individual resident defendant in a non-tort action to "the county within which the defendant resides, or in the county within which plaintiff resides, and the defendant may be found." The trial court overruled the motion, thereby giving rise to this proceeding in prohibition.

Lack of proper venue is a defect of a jurisdictional nature which authorizes the issuance of a writ of prohibition. *State ex rel. Hails v. Lasky*, 546 S.W.2d 512, 514 (Mo.App.1977). Generally, venue is regulated by constitutional and statutory provisions. 92 C.J.S. Venue § 5 (1955). However, venue is a personal privilege which may be waived. *Ballard v. Ryan*, 646 S.W.2d 398, 400 (Mo.App.1983).

The undisputed facts of this case clearly demonstrate the venue in Jefferson County cannot be predicated upon § 508.010(1).

The issue, then, is the enforceability of the forum selection clause of the contract.

■ The precise question presented here has not been determined in Missouri. The attempt to fix jurisdiction by means of a contractual clause was first considered in Missouri in 1862 in *Reichard v. Manhattan Life Insurance Co.*, 31 Mo. 518. A life insurance policy provided that no action to enforce a claim under the policy could be brought except in the courts of New York. Our Supreme Court declared "... the agreement to waive the right to sue in our courts is void, as against public policy...." *Id.* at 521. In *State ex rel. Gooseneck Trailer Mfg. Co. v. Barker*, 619 S.W.2d 928 (Mo.App.1981), our brethren in the Southern District felt constrained to follow *Reichard. Id.* at 930–31 (Greene, P.J. concurring). These cases, however, differ from the case sub judice. Both *Reichard* and *Gooseneck* represent attempts to deprive Missouri citizens of access to Missouri courts having jurisdiction over the subject matter involved. The contravention of public policy is the divestiture of a state's judicial system of the jurisdiction it would otherwise possess, were it not for the forum selection clause of the contract. However, the modern trend permits enforcement of such a clause unless the party seeking to avoid its application persuades the court that the forum selection clause is unfair or unreasonable.[1] The factual similarity between *Reichard* and *Gooseneck* compelled the court in the latter case to confront the public policy issue involved in ousting a trial court of its jurisdiction. Al-though it noted the modern trend of cases to enforce forum selection clauses, including the opinion of Judge Nangle in *Dick Proctor Imports, Inc. v. Sumitomo Corp.*, 486 F.Supp. 815 (E.D.Mo.1980) wherein "the continuing validity of the *Reichard* precedent" was termed "outdated", 486 F.Supp. at 817–18, the court in *Gooseneck*, nevertheless, felt constrained to follow *Reichard.* 619 S.W.2d at 930.

■ Here we do not face the issue of divestiture of judicial jurisdiction. Rather, we are dealing with an agreement not to assert the statutory limitation which would otherwise restrict venue (i.e., jurisdiction over the person) to the county of his residence. The distinction between jurisdiction and venue has been well established and frequently recognized.

> Jurisdiction of the court to render a particular judgment in a particular case depends upon the power of the court granted by statute or otherwise and cannot be waived. If a court cannot try a question except under particular conditions or unless petitioned in a particular way, it has no jurisdiction until such conditions exist or unless the court is approached in a manner which bestows jurisdiction.

*State ex rel. Robinson v. Crouch*, 616 S.W.2d 587, 592 (Mo.App.1981).

Jurisdiction deals with the right, power and authority of the court to act. *Parmer v. Bean*, 636 S.W.2d 691, 695 (Mo.App.1982). No action or agreement of the parties can confer jurisdiction upon a court where it

---

1. See, e.g., *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972); *Abadou v. Trad*, 624 P.2d 287 (Alaska 1981); *Sid Leasing, Inc. v. Al Spain and Associates, Inc.*, 277 Ark. 178, 640 S.W.2d 451 (1982); *Smith, Valentino & Smith, Inc. v. Superior Court of Los Angeles County*, 17 Cal.3d 491, 131 Cal.Rptr. 374, 551 P.2d 1206 (in bank 1976); *Elia Corp. v. Paul N. Howard Co.*, 391 A.2d 214 (Del.Super.1978); *Prudential Resources Corp. v. Plunkett*, 583 S.W.2d 97 (Ky.App.1979); *Hauenstein & Bermeister, Inc. v. Met-Fab Industries, Inc.*, 320 N.W.2d 886 (Minn.1982); *Electrical Products Consolidated v. Bodell*, 132 Mont. 243, 316 P.2d 788 (1957); *Air Economy Corp. v. Aero-Flow Dynamics, Inc.*, 122 N.J.Super. 456, 300 A.2d 856 (1973); *Reeves v. Chem Industrial Co.*, 262 Or. 95, 495 P.2d 729 (banc 1972); *Central Contracting Co. v. C.E. Youngdahl & Co., Inc.*, 418 Pa. 122, 209 A.2d 810 (1965); *St. John's Episcopal Mission Center v. South Carolina Dept. of Social Services*, 276 S.C. 507, 280 S.E.2d 207 (S.C.1981); *Green v. Clinic Masters, Inc.*, 272 N.W.2d 813 (S.D.1978); *Exum v. Vantage Press, Inc.*, 17 Wash.App. 477, 563 P.2d 1314 (1977).

Contra: *Redwing Carriers, Inc. v. Foster*, 382 So.2d 554 (Ala.1980); *Zurich Insurance Co. v. Allen*, 436 So.2d 1094 (Fla.App.1983); *Cartridge Rental Network v. Video Entertainment, Inc.*, 132 Ga.App. 748, 209 S.E.2d 132 (1974); *Leonard v. Paxson*, 654 S.W.2d 440 (Tex.1983).

does not otherwise exist. *Berry v. Berry*, 620 S.W.2d 456, 458 (Mo.App.1981).

Venue, the locality where the suit should be heard, is a different matter. "Section 508.010 ..., fixing venue in the county of the defendant's domicile, confers a mere personal privilege which may be waived by the person entitled to assert it." *Hutchinson v. Steinke*, 353 S.W.2d 137, 139 (Mo. App.1962).

The Circuit Court of Jefferson County unquestionably possesses the power and authority to act upon a dispute between Missouri citizens arising out of a Missouri contract, the performance of which was in Missouri. Article V, § 14(a) Mo. Const. (1945). "An action on contract is as a general rule transitory and may be entertained wherever jurisdiction of the parties can be obtained...." 21 C.J.S. Courts § 41 (1940). Jurisdiction over the person may be obtained by consent or by waiver. We perceive no valid distinction between consent to personal jurisdiction before or after the commencement of the suit. If no public policy is offended by a post-commencement waiver, what policy is offended by a pre-commencement consent?

Accordingly, we find that an action may be entertained by a Circuit Court having jurisdiction of the subject matter where the parties have contractually agreed to waive the personal privilege of venue and where such agreement is neither unfair nor unreasonable.[2] Such a provision could be unreasonable if it resulted in undue hardship, such as a necessity to travel or transport witnesses such a distance that expenses would render access to the courts impractical. It could be unfair if imposed upon one not in a position to negotiate because of the superior bargaining power of the other party, as in the case of insurance contracts, financial credit and small loan agreements or adhesion contracts. No such unfairness or unreasonableness appears here.

2. We do not determine the efficacy of the contract provision if asserted for the purpose of prohibiting the maintenance of the action in St.

The Preliminary Writ of Prohibition is Quashed.

SNYDER, P.J., and SMITH, J., concur.

Louis County or any county wherein venue is statutorily authorized.